IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JERRY R. KENNEDY, et al.,** | : | |
| Plaintiffs, | : | |
| v. | : | Case No. 2:03-cv-1047 |
| **CITY OF ZANESVILLE, OHIO, et al.** | : | JUDGE ALGENON L. MARBLEY |
| Defendants. | : | |

**OPINION AND ORDER**

**I.  INTRODUCTION**

This matter is before the Court on the parties' motions in limine.  The Court will dispose of the motions in the order in which they were filed.

**II.  ANALYSIS**

**1) Plaintiffs' Motion to Strike Plaintiffs' Attorney, Rachel Robinson, From Witness List**

Plaintiffs' unopposed motion is hereby **GRANTED**.

**2) Motion to Join the EMWA as a Party and Motion In Limine Excluding Evidence of Successor Liability**

The County moves to join the East Muskingum Water Authority (EMWA) as a defendant so that the Jury can distinguish liability between the County and the EMWA.  The County asserts that this is the only way to avoid a retrial should the successor liability issue be overturned on appeal.

The Court finds that the risk of delay and prejudice in joining a party to the litigation days before the trial outweighs any potential benefit.  Defendant's motion is hereby **DENIED**.

Defendant subsequently filed a separate Motion in Limine for the successor liability issue, which the Court addresses below (see Order #26).

### 3) Motion to Prohibit Evidence of Plaintiffs' Claimed Medical Conditions

Defendants move to prohibit argument, questioning, or testimony regarding any claimed medical conditions allegedly caused by lack of potable water. Defendants argue that Plaintiffs have failed to identify a medical expert who will testify on the matter, and that FED. R. EVID. 701 and 702 prevent lay witnesses from testifying as to an issue that requires specialized scientific knowledge.

Plaintiffs respond that expert testimony is not needed for emotional distress, humiliation, and embarrassment. Plaintiffs also assert that they have no intention of contending that the quality of water directly caused any medical conditions, but instead intend to demonstrate indirect causes of not having water (e.g., falls, burns from boiling water, or pain caused by carrying heavy buckets). Plaintiffs argue that such indirect examples fall within the boundaries of common knowledge testimony acceptable under Rule 701.

This motion is **GRANTED** with respect to any proposed lay testimony of medical conditions caused by a lack of potable water; however, it is **DENIED** regarding indirect injuries suffered that fall within the boundaries of common knowledge, as well as testimony concerning emotional distress, humiliation, and embarrassment.

### 4) Motion to Exclude Evidence of Pled Claims Not Supported by the Evidence

The Court hereby **GRANTS** Defendant's unopposed motion to exclude evidence or testimony regarding Plaintiffs' claim that their ineffective fire defense system caused an increase to their homeowners' insurance premiums.

**5) Motion to Exclude OCRC Investigation and Probable Cause Determination**

The City moves to exclude any evidence or testimony regarding the Ohio Civil Rights Commission's ("OCRC") investigation and probable cause determination.  First, Defendant argues that such evidence fails FED. R. EVID. 403 because it would be extremely prejudicial, and lacks the protections of the Rules of Evidence because it was reached via unsworn statements, made without cross-examination, or authentication of documents.  Second, Defendant argues that the probable cause finding consists of inadmissable hearsay.

Defendant also moves to exclude all testimony from OCRC employees, specifically G. Michael Payton who was identified on Plaintiffs' witness list.  Defendant argues that because this Court denied Defendants the right to depose OCRC employees, they were unable to determine the nature and extent of the information obtained and relied upon by the OCRC.

Plaintiffs respond that the OCRC investigation is highly probative because it demonstrates the County's motive for eventually providing Plaintiffs with water.  For this reason, Plaintiffs also argue that discussion of the investigation is not hearsay because it is only being introduced to establish motive and chronology—not as proof that Defendants discriminated.

Defendant's motion is **DENIED**.  The OCRC investigation and finding of probable cause

will be admissible to establish chronology.  However, it will not be allowed in for the purpose of establishing that there was probable cause.  The Court will give a limiting instruction to the Jury indicating that the probable cause determination does not indicate that there was in fact discrimination.

### 6) Motion to Exclude Evidence of Plaintiffs' Prior Convictions

After consideration of the balancing tests in FED. R. EVID. 609 and 403, the Court hereby **GRANTS** Plaintiffs' unopposed motion with respect to the convictions set forth in the pleading.  (See order #10 below for the ruling on Plaintiff Richard Kennedy Jr.'s misdemeanor conviction for falsification).

### 7)  Plaintiffs' Motion to Exclude Defendants' Arguments Regarding the Water Service Provisions of the Ohio Revised Code

Plaintiffs move to exclude any reference to Ohio Revised Code § 743 in order to avoid the indication that this section relieved the City of any duty to provide water to Plaintiffs.  Plaintiffs argue that § 743 did not relieve the city of its obligations under the Fair Housing Act and other anti-discriminatory laws to not provide services outside of its jurisdiction in a non-discriminatory manner.  Plaintiffs assert that any evidence or testimony on the subject would be of marginal probative value, and extremely misleading and prejudicial.

Defendant City responds that the Jury must be given some indication of the City's responsibilities under Ohio law, otherwise they will have no way of knowing that the Plaintiffs did not fall within the City's required water boundaries.  The Jury must be given the applicable

law governing a party's actions.

Defendant's argument is well-taken. The Jury must be given some indication of the City's responsibilities under Ohio law. Plaintiffs' motion to categorically exclude Ohio law is hereby **DENIED.**

### 8) Defendant County's Motion in limine Regarding Ed Kenily's Character

The County's unopposed motion to exclude former Muskingum County Commissioner's, Ed Kenily, misdemeanor dereliction of duty criminal conviction is hereby **GRANTED**.

### 9) Defendant County's Motion in limine Regarding Plaintiff Mary Kennedy's Claim of Retaliation Pending Before the Ohio Civil Rights Commission

Defendant County moves to prohibit any evidence or testimony of Plaintiff Mary Kennedy's claim that the she was not offered full-time employment with the County water authority in retaliation for her participation in this suit. Defendant argues that such evidence would constitute impermissible character evidence under FED. R. EVID. 404(b), and that any probative value would be substantially outweighed by the prejudicial value. Specifically, Defendant argues that the OCRC has not reached any findings on the claim, and that Kennedy's claim deals solely with retaliation, not findings of discrimination.

Plaintiffs respond that they have no intention of introducing evidence that Ms. Kennedy filed a charge with the OCRC. Plaintiffs do, however, argue that the underlying facts contained in the charge are relevant and should be admissible.

The Court agrees with Defendant that evidence of Ms. Kennedy's charge against the

County with the OCRC fails FED. R. EVID 403 balancing.  The Court will, however, allow evidence and testimony regarding the underlying facts contained in the charge.  Thus, the Court **GRANTS** Defendant's motion insofar as it is in accordance with those conditions.

**10)  Plaintiffs' Motion to Limit Admission of Evidence Regarding Richard Kennedy Jr.'s Misdemeanor Conviction for Falsification**

Plaintiffs move to limit discussion of the conviction to only the name of the crime charged, the date, and the disposition.  Plaintiffs cite case law from other Circuits, stating that FED. R. EVID. 609 substantially constrains the depth to which a prior conviction can be examined.  *See e.g., Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992) (finding that "for purposes of challenging a witness's propensity for truth and veracity opposing parties cannot harp on a witness's past crimes and in fact can elicit no more than the crime charged, the date, and the disposition.")

Plaintiffs also move to preclude Defendants from using Kennedy's deposition testimony about the conviction.  The falsification charge stems from a traffic stop.  During his deposition, Kennedy remembered the traffic offense, but stated that he did not recall that the offense also resulted in a conviction for falsification.  Plaintiffs argue that delving in to this topic at trial would require: (1) a side-trial that would distract the Jury from the real issues at stake, and (2) require the Defense to examine more than just limited information about the conviction.

Defendants argue that it would be appropriate to read the statutory language for the type of falsification Kennedy was convicted of (Defendants note that there are sixteen ways a person may be found guilty of falsification).  Defendants further argue that Kennedy's deposition

testimony is a fair impeachment subject.

FED. R. EVID. 609 allows the Defendants to raise Kennedy's conviction for falsification. However, the Court **GRANTS** Plaintiffs' motion to limit discussion of the conviction and exclude the deposition testimony because, pursuant to FED. R. EVID. 403, the prejudicial impact of an involved examination on this matter before the Jury would substantially outweigh the probative value. Evidence and testimony will be limited to the name of the crime charged, the date, and the disposition.

### 11) Defendant's Motion to Exclude Testimony or Evidence Suggesting that Plaintiffs Received Water Service Due to Filing a Discrimination Lawsuit

The County argues that even assuming, *arguendo*, any corrective action taken as a response to Plaintiffs' claims are inadmissible, as they constitute subsequent remedial measures and/or compromises under FED. R. EVID. 407 and 408.

Plaintiffs respond that both Rule 407 and 408 are inapplicable. Plaintiffs argue that the County is not attempting to exclude evidence of a remedial measure, as required by Rule 407, but rather evidence indicating a discriminatory intent. Similarly, Plaintiffs argue that the County is not trying to exclude evidence of settlement negotiations that led to water in Plaintiffs' neighborhood, but rather that the County's actions were an attempt to minimize legal liability.

Plaintiffs arguments are well-taken. The alleged "remedial measure" taken in this case was the implementation of public water service in the Coal Run neighborhood. Correctly, neither party is seeking to exclude the fact that public water service is now provided. Instead, what the County seeks to exclude is Plaintiffs' explanation for why water had not been provided

earlier.  Even if the Court were to employ a remedial measure analysis,[1] Plaintiffs are not arguing that the eventual provision of water, in and of itself, is evidence of past racial discrimination. Furthermore, Defendant does not seek to exclude the fact that water is now provided in Plaintiffs' neighborhood.  Thus, the alleged remedial measure is not at issue here.

Similarly, the Court finds that the filing of a discrimination complaint and the subsequent provision of water services does not fall under the "offers to compromise" exclusions of Rule 408.  Wisely, Defendant has not suggested that the provision of water constitutes valuable consideration for an offer made in connection with Plaintiff's discrimination complaint.

Defendant's motion is hereby **DENIED.**


**12) Defendants' Motion to Exclude Testimony or Evidence of Bigotry from Non-Parties**

Defendants seek to exclude evidence of historical activities of bigoted organizations unconnected to Defendants, bigotry expressed by non-parties, and evidence of bigotry that Plaintiffs may use to support their futility argument.  Defendants argue that non-party expressions of bigotry are irrelevant, and highly prejudicial.  Defendants also argue that Plaintiffs are unable to meet the high burden for arguing futility in a discrimination case.  *See Bacon v. Honda of America Mfg.*, 370 F.3d 565, 576 (6th Cir. 2001) (holding that "circumstances must reveal overwhelming evidence of pervasive discrimination" and that any

---

[1] In civil cases, FED. R. EVID. 407 requires that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence or culpable conduct with respect to the event.  *See* 30 Am. Jur. Proof of Facts 3d 307 (citing FED. R. EVID. 407, Advisory Committee's Note).  An "injury-causing event" self-evidently refers to an event that results in physical injury or harm, not legal injury.  Defendant has cited no case law, and the Court has found none, which identifies illegal racial discrimination as an injury-causing event under Rule 407.

request would have been futile.).

Plaintiffs respond that evidence of a discriminatory atmosphere properly inform a Jury as to the context of alleged discriminatory decisions, and in this case would be highly probative of the Defendants' refusal to provide water.  *See Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 356 (6th Circ. 1998)(holding that "[c]ircumstantial evidence establishing the existence of a discriminatory atmosphere at the defendant's workplace in turn may serve as circumstantial evidence of individualized discrimination directed at the plaintiff.").  Plaintiffs also argue that a categorical prohibition on out of court bigoted statements is improper, and that they do not intend to introduce bigoted statements for the truth of the matter asserted, but rather to establish the discriminatory atmosphere.

The Court finds that this issue will require a case by case examination at trial.  Bigoted statements are routinely introduced not to prove the truth of the matter asserted, but rather to give context to an alleged atmosphere of discrimination.  The Supreme Court, as well as the Sixth Circuit, have found that presenting an atmosphere of discrimination is relevant for drawing an inference of discrimination.  *See Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266 (1977);  *Ercegovich*, 154 F.3d at 356.  Therefore, Defendants' motion for a blanket prohibition of evidence of non-party bigotry is **DENIED**.


**13) Defendants' Motion to Exclude Comment on New Counsel for the County**

Defendants' unopposed motion to exclude comment regarding the timing that attorney Hilary Taylor became associated with the case is hereby **GRANTED**.

**14) Plaintiffs' Motion to Exclude Census Bureau Statistics Regarding Water Service**

Plaintiffs move the Court for an order precluding Defendants from offering evidence or testimony regarding the percentage of Muskingum County residents who do not have public water.  First, Plaintiffs argue that because the data only shows what percentage of people do not have public water service, rather than what percentage of people have access to safe water, it is extremely misleading and therefore fails FED. R. EVID. 403.  Second, Plaintiffs argue that the data is from 1990 and that many whites were provided public water service between 1990 and 2003, when the Plaintiffs' neighborhood began receiving water.

The County responds that this is an attempt to deny Defendants the use of rebuttal evidence to Plaintiffs' allegations that only African-Americans were not receiving water.  The City responds by arguing that it is critical to show who was receiving water, in order to evaluate if the provision of water was being determined in a discriminatory manner.

The Court finds that this particular evidence goes more to weight than to admissibility.  Analysis of who was receiving water, and when, is probative.  Further,  Plaintiffs can cross-examine Defense witnesses as to why the data might be misleading.  Plaintiffs' motion is hereby **DENIED**.


**15) County Defendant's Motion to Exclude all Evidence Regarding Proceedings of the Ohio Civil Rights Commission and the Probable Cause Finding Therefrom**

The Court has already ruled on this issue.  Motion **DENIED**.  (See Order #5).

**16) Plaintiffs' Motion to Exclude Evidence Regarding Non-Plaintiff's Lack of Involvement in the Matter and Statements Made to Non-Plaintiffs by the Ohio Civil Rights Commission**

Plaintiffs' motion is hereby dismissed as **MOOT**.

**17) Plaintiff's Motion to Preclude the County from Calling Categories of Unspecified Witnesses**

Plaintiffs' unopposed motion is hereby **GRANTED**.

**18) Plaintiffs' Motion to Exclude the Affidavit and Testimony of Beth Curtis**

Plaintiffs' motion is hereby dismissed as **MOOT**.

**19) Plaintiffs' Motion to Exclude Testimony Regarding the Old Adamsville Road Waterline**

The Court will rule on this motion on May 12, 2008, at 8:45 a.m.

**20) Plaintiffs' Motion to Exclude References to WRWA-P and WRWA-L**

Plaintiffs request an order prohibiting Defendants from using two names for the Washington Rural Water Association.  Defendants have given the WRWA two separate names, WRWA-P and WRWA-L, in order to clarify that the organization changed from a collection of individuals in to a legal entity in 1984.  Plaintiffs argue that this distinction is irrelevant to the claims in this case, and that multiple names will only serve to confuse the Jury.

Defendants counter that the distinction is relevant because it distinguishes between the

time period when the WRWA was ineligible for loan and grant funding without individual liability, and the post-1984 era when it could receive such monies as a legal entity. Defendants argue that this distinction is a crucial element of their argument that the WRWA did not even have the financial ability to extend services to Plaintiffs before 1984.

This motion is **GRANTED** in part and **DENIED** in part. Defendants will not be allowed to refer to a WRWA-L and a WRWA-P, however, Defendants may distinguish between the WRWA and the private group of citizens that existed before the WRWA became a legal entity.

### 21) Plaintiffs' Motion to Exclude Evidence Regarding Personal Knowledge of Interrogatory Responses

Plaintiffs seek to preclude the Defendants from questioning Plaintiffs about or presenting argument regarding Plaintiffs' lack of personal knowledge of certain statements contained in their interrogatory responses. It is Plaintiffs' stance that each individual Plaintiff was required to respond to the interrogatories with their own personal knowledge, as well as all information gathered by their attorneys through discovery. Plaintiffs also argue that the Defendants were able to depose every single Plaintiff, and thus are aware of what each Plaintiff's personal knowledge consists of—thereby negating any need to cross-examine Plaintiffs' understandings of particular facts in their interrogatories.

Defendants respond that answers to interrogatories can be utilized as admissions, and it is fair to question Plaintiffs on any variances from their admissions.

The Court agrees that the Defendants have a right to cross-examine a Plaintiff if that Plaintiff's testimony contradicts information provided in their interrogatory. *See Freed v. Erie*

*Lackawana Ry. Co.*, 445 F.2d 619, 621 (6th Cir. 1971) (holding that interrogatory responses may be utilized as admissions, and any conflicts between interrogatory responses and answers received at trial should be resolved by the trier of fact).  Defendants will not, however, be allowed to question Plaintiffs regarding any legal theories set forth in their interrogatories.  In accordance with those conditions, Plaintiffs' motion is **DENIED**.

### 22) Plaintiffs' Motion to Strike Dr. Jennings and Mr. Strang from Defendants' Witness List

Plaintiffs' motion is hereby dismissed as **MOOT**.

### 23) Plaintiffs' Motion to Exclude the Testimony of James C. Wyles

Plaintiffs seek to exclude the testimony of James C. Wyles, an expert witness for the Defendant.  Plaintiffs contend that he will be unable to provide any opinion that will assist the Jury in resolving any issue presented in this case.  In support, Plaintiffs assert that Wyles' conclusions only explain the racial composition of census blocks intersected by waterlines. Plaintiffs argue that this does not explain who within those census blocks had access to public water, and thus is irrelevant.  Plaintiffs also argue that Wyles' testimony should be excluded under Rule 702 and *Daubert* because he has no reliable data to support any conclusion about which families had access to water.

Defendants respond that Wyles has twenty-seven years of experience with Geographic Information Systems (GIS), and that his work consists of finding demographic patterns or trends in a project area.  Defendants assert that he will be called to explain the demographics in the

county, and show their relationship to the water lines.

The Court finds that Wyles' analysis of the County's demographics could assist the trier of fact. If Wyles cannot relate the County's demographics to the issue of access, Plaintiffs can draw this out on cross-examination. Plaintiffs' motion is, therefore, **DENIED.**

### 24) City's Motion Regarding Bigotry of Non-Parties

The City joins the entirety of the County's Motion in Limine Regarding Bigotry from Non-Parties, which the Court has **DENIED.**  (See Order  #12 ).

### 25) City's Motion to Prohibit Plaintiffs from Introducing Any Unsupported Evidence of Economic Damage

The City makes two requests.  First, the City seeks to exclude testimony about costs or damages which Plaintiffs cannot document or specifically recollect.  Second, the City seeks to exclude any testimony of costs paid by third parties (e.g., Plaintiffs should not be able to testify about costs their parents incurred to provide water for the family).

Plaintiffs respond that they only intend to present testimony supported by evidence, and that third party costs should be allowed because they effect everyone in the family home.  For example, Plaintiffs contend that when family money is put towards securing water, there is less money to go towards providing food and clothes.

Defendant's motion is **GRANTED** in part and **DENIED** in part. Plaintiffs do not contend, nor would they be permitted, that they should be able to put on unsupported evidence. However, supported evidence in this case does not necessarily mean documentation of bills paid,

instead it may consist of testimony specifying expenses incurred as a result of not having public water service.  Thus, with respect to the unsupported evidence argument, Defendant's motion is **GRANTED**.

As for the third party payments, the Court finds that it is the responsibility of the Jury to decide if a named Plaintiff suffered cognizable economic harm because a third party was forced to divert funds towards securing water.  This aspect of Defendant's motion is **DENIED.**

**26) County's Motion to Exclude Discussion of Successor Liability**

In response to Plaintiffs' inclusion of successor liability in their proffered Jury instructions, the County argues that there is no purpose to telling the Jury about successor liability.  The County argues that this would be analogous to alerting a Jury to the fact that a defendant has insurance.

Plaintiffs make three arguments in support: (1) if the Jury finds liability, it must award damages for the injuries suffered as a result of the EMWA, (2) it is necessary to alert the Jury to successor liability at the beginning of the trial, so that they know to focus on the actions of the EMWA, and (3) withholding an instruction on this matter will only confuse the Jury.

Defendant's argument is well-taken.  Informing the Jury that one defendant is responsible for paying the bill does not aid the Jury in determining liability or damages.  Further, Plaintiffs' stated concern is that the Jury needs to know the importance of paying attention to the EMWA's role and liability in this matter.  That concern can easily be alleviated by an initial instruction to the Jury to consider the EMWA's liability and potential damages, along with those of the Defendants.  Defendant's motion is hereby **GRANTED.**

### 27) Muskingum County's Motions for Reconsideration

The County has submitted two motions for reconsideration: (1) Motion for Reconsideration of the Court's Oral Order Striking Trial Witnesses; and (2) Motion to Allow Defendants to Present the Trial Testimony of Daryl Krouskopf and Ronald "Buster" Howe. Defendant moves the Court to reconsider its ruling on April 24, 2008, with respect to these witnesses.

As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (1998). The Court notes that no new information has been identified since its ruling on April 24, 2008, and hereby **DENIES** Defendant's motions for the reasons previously stated on the record.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that (1) Plaintiffs' Motion to Strike Plaintiffs' Attorney, Rachel Robinson, From Witness List is **GRANTED**; (2) Defendant's Motion to Join the EMWA as a Party and Motion In Limine Excluding Evidence of Successor Liability is **DENIED**; (3) Defendant's Motion to Prohibit Evidence of Plaintiffs' Claimed Medical Conditions is **GRANTED** in part and **DENIED** in part; (4) Defendant's Motion to Exclude Evidence of Pled Claims Not Supported by the Evidence is **GRANTED**; (5) Defendant's Motion to Exclude OCRC Investigation and Probable Cause Determination is **DENIED**; (6) Plaintiffs' Motion to Exclude Evidence of Plaintiffs' Prior Convictions is **GRANTED**; (7)  Plaintiffs'

Motion to Exclude Defendants' Arguments Regarding the Water Service Provisions of the Ohio Revised Code is **DENIED**; (8) Defendant County's Motion in limine Regarding Ed Kenily's Character is **GRANTED**; (9) Defendant County's Motion in limine Regarding Plaintiff Mary Kennedy's Claim of Retaliation Pending Before the Ohio Civil Rights Commission is **GRANTED**; (10) Plaintiffs' Motion to Limit Admission of Evidence Regarding Richard Kennedy Jr.'s Misdemeanor Conviction for Falsification is **GRANTED**; (11) Defendant's Motion to Exclude Testimony or Evidence Suggesting that Plaintiffs Received Water Service Due to Filing a Discrimination Lawsuit is **DENIED**; (12) Defendants' Motion to Exclude Testimony or Evidence of Bigotry from Non-Parties is **DENIED;** (13) Defendants' Motion to Exclude Comment on New Counsel for the County is **GRANTED**; (14) Plaintiffs' Motion to Exclude Census Bureau Statistics Regarding Water Service is **DENIED**; (15) County's Motion to Exclude all Evidence Regarding Proceedings of the Ohio Civil Rights Commission and the Probable Cause Finding Therefrom is **DENIED**; (16) Plaintiffs' Motion to Exclude Evidence Regarding Non-Plaintiff's Lack of Involvement in the Matter and Statements Made to Non-Plaintiffs by the Ohio Civil Rights Commission is dismissed as **MOOT**; (17) Plaintiff's Motion to Preclude the County from Calling Categories of Unspecified Witnesses is **GRANTED**; (18) Plaintiffs' Motion to Exclude the Affidavit and Testimony of Beth Curtis is dismissed as **MOOT**; (19) Plaintiffs' Motion to Exclude Testimony Regarding the Old Adamsville Road Waterline will be ruled on during the telephonic status conference scheduled for May 9, 2008, at 9a.m.; (20) Plaintiffs' Motion to Exclude References to WRWA-P and WRWA-L is **GRANTED** in part and **DENIED** in part; (21) Plaintiffs' Motion to Exclude Evidence Regarding Personal Knowledge of Interrogatory Responses is **DENIED**; (22) Plaintiffs' Motion to Strike Dr.

Jennings and Mr. Strang from Defendants' Witness List is dismissed as **MOOT**; (23) Plaintiffs' Motion to Exclude the Testimony of James C. Wyles is **DENIED**; (24) City's Motion Regarding Bigotry of Non-Parties is **DENIED**; (25) City's Motion to Prohibit Plaintiffs from Introducing Any Unsupported Evidence of Economic Damage is **GRANTED** in part and **DENIED** in part; (26) County's Motion to Exclude Discussion of Successor Liability is **GRANTED**; and (27) Muskingum County's Motions for Reconsideration are **DENIED.**

**IT IS SO ORDERED.**

        s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Court Judge**

**DATE: May 9, 2008**