IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY R. KENNEDY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 2:03-cv-1047 |
| : | |
| CITY OF ZANESVILLE, OHIO, et al. : | JUDGE ALGENON L. MARBLEY |
| : | |
| Defendants. : | |

### ORDER

Defendant Muskingum County moves this Court to stay Plaintiffs' execution on judgment without bond pending appeal, pursuant to Fed. R. Civ. P. 62(f). Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state would give." Under Ohio law, a judgment entered by a court of general jurisdiction, including a United States District Court, becomes a lien upon the filing of the judgment in the office of the clerk in the requisite court of common pleas. Ohio Revised Code § 2329.02 ("[n]o such judgment or decree shall be a lien upon any lands. . . until a certificate under the hand and official seal of the clerk of the court in which the same is entered or of record. . . is filed and noted in the office of the county recorder. . . ."). Therefore, this Court's judgment in favor of the Plaintiffs does not independently constitute a lien on the Defendant's property pursuant to Rule 62(f) and does not require a stay of execution as a matter of federal law.

Defendant also argues that it is entitled to a stay without bond because this Court is required to apply substantive state law with respect to the finding for Plaintiffs on their state law claim. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Defendant asserts that under Ohio

law, a political subdivision of the state of Ohio does not have to post a supersedeas bond to obtain a stay pending appeal. Ohio Revised Code § 2505.12.

In this case, however, the substantive state law claim has been argued and judgment was entered in favor of the Plaintiffs. Presently before the Court is the procedural matter of whether a stay of execution will be issued without bond. *See Markowitz & Co. v. Toledo Metro. Hous. Auth.*, 74 F.R.D. 550, 551 (N.D. Ohio 1977) (holding that a stay of execution is a procedural rule, not a substantive law that effects the outcome of litigation). As discussed above, Fed. R. Civ. P. 62 does not require a stay of execution pending appeal under these circumstances.

The Defendant County, therefore, is not entitled to a stay without bond as a matter of law.

Defendant County also cites this Court's Order denying Defendant City of Zanesville's motion to stay execution pending disposition on motions (Dock. 450), where the Court did not find a demonstration of adequate security that the City could pay the judgment against it. Defendant County has provided evidence of its ability to pay the judgment, and asks the Court to conduct the same analysis it used in considering the Defendant City's motion. Such analysis, however, would not be consistent with the Federal Rules of Civil Procedure. The Defendant City moved for a stay without bond pending disposition of post-trial motions pursuant to Rule 62(b), which gives the Court discretion to issue a stay upon demonstration of adequate security. In contrast, Defendant County now asks for a stay without bond pending appeal pursuant to Rule 62(f). Unlike Rule 62(b), Rule 62(f) does not explicitly give the Court the same discretion to issue a stay without bond. Further, Defendant County cites no authority, and the Court finds none, that gives the Court the same discretionary power under Rule 62(f) that it has under Rule 62(b). Thus, in accordance with Rule 62, Defendant County's motion is hereby **DENIED**.

**IT IS SO ORDERED.**

                                              s/Algenon L. Marbley
                                      **ALGENON L. MARBLEY**
                                      **United States District Court Judge**

**DATE: August 20, 2008**